No. 6417.

## JOHN G. KOSTMAYER vs. MRS. GRACE LANDRY.

### Syllabus.

1.  Where the contract of a real estate broker confers upon.him the exclusive right to sell the property, and negatives the right of the owner to sell or negotiate for its sale, the broker is entitled to his commission if, during the term of the contract, a sale is affected by the owner or by another broker in the latter's behalf.

2.  According to the great weight of authority if a special agreement has been performed in part by the plaintiff and its further performance has been prevented by the act of the defendant the plaintiff may at his option either sue for the breach and recover damages or abandon the contract altogether and recover upon a general *indebtitatus assumpsit*.

Appeal from the 28th Judicial District Court, Parish of Jefferson, No. 1831. Honorable P. E. Edrington, Judge.

L. H. Marrero, Jr., Buck, Walshe & Buck, for plaintiff and appellee.

H. W. Robinson, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

The defendant appointed plaintiff her agent for the sale of her property with the exclusive authority during ninety days to accept any offer to purchase the same provided the price be $18,000.

She bound herself to refer to him during the term of the contract all applicants for the purchase of the property, and agreed to pay him as brokerage charges for negotiating the sale, five per cent commission on the gross amount.

— 385 —

Plaintiff was to use his best endeavors to effect a sale, and did so, though unsuccessfully.

Before the expiration of the ninety days defendant sold her property for $13,100 to a purchaser not procured by plaintiff and without referring said purchaser to plaintiff.

The latter, setting forth the above facts, sues for 5% on the last named sum.

We are unable to distinguish this case from **Freeman vs. Diboll**, No. 6037 of our Docket, decided April 6th, 1904, (Vol. XI, Court of Appeal, 199) wherein we held that "where the contract of a real estate broker confers upon him the exclusive right to sell the property, and negatives the right of the owner to sell or negotiate for its sale, the broker is entitled to his commission if, during the term of the contract, a sale is effected by the owner or by another broker in his behalf."

The doctrine which is thus stated is one the equity of which needs no defense. It is quite as sound from the standpoint of strict law. "According to the great weight of authority, if a special agreement has been performed in part by the plaintiff and its further performance has been prevented by the act of the defendant, the plaintiff may at his option either sue for the breach and recover damages or abandon the contract altogether and recover upon a general **indebitatus assumpsit**."

> 9 Cyc., 688 (Verbo: Contracts, XII, A. 4). See also, Rightor vs. Aleman, 4 Robinson, 45, and **Brown vs. Bark Laura Snow, 14 An., 848.**

The judgment below for plaintiff was correct.

Judgment affirmed.

Opinion and decree, June 14th, 1915.

Rehearing refused, June 30th, 1915.